UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD W. PAINTER,       :
                           :   NO. 1:04-CV-00710
       Plaintiff,      :
                           :   **OPINION AND ORDER**
                           :
  v.                      :
                           :
                           :
UAW LOCAL 647, et al.,    :
                           :
       Defendants.     :
                           :

This matter is before the Court on Defendant UAW Local 647's (hereinafter "UAW") Motion for Summary Judgment (doc. 14), Plaintiff's response thereto (doc. 20) and Affidavit in Opposition (doc. 19), and Defendant's Reply Brief in Support of its Motion for Summary Judgment (doc. 21).

**FACTS**

Plaintiff Donald Painter (hereinafter "Painter") has been employed at General Electric (GE) since December 19, 1977 (doc. 14). Until May or June of 1995, Painter was employed as a tool and gage inspector, at that time he was transferred to a position as a production mechanic (doc. 14). This transfer resulted in a decrease in wages, in which he dropped from a R23 classification to a R19 classification (doc. 20). At the time of the transfer, Painter was overlooked for job openings that were comparable to his prior employment as a tool and gage worker (doc. 14). These positions were given to employees that were currently working at a

R21 classification (Id.).  However, at that time these employees had twenty-nine years of experience with the company, compared to Painter's eighteen years of experience (Id.).

On June 26, 1995 a union committeeman filed a class grievance on behalf of Painter contesting his transfer and placement( doc. 14).  GE denied the grievance on the basis of seniority and referred to a 1959 "Bill House" agreement.  The "Bill House" agreement allegedly dealt with how seniority applied in cases of transfer (Id.).

On February 17, 1997 a meeting was held between the Union Bargaining Committee and Painter (Id.).  During this meeting, the Union asked for a copy of the "Bill House" agreement, but GE did not produce a copy (Id.).  The Bargaining Committee stated that seniority took precedent over all other factors when deciding job placement (Id.). At that time, the Committee conveyed to Painter that they were withdrawing his grievance and no further action would be taken (Id.).

On or around June 9, 2003 Painter worked with his union steward to file a new grievance over the same issue because he had never been satisfied with UAW's response to his prior grievance (Id.).  In early 2004, the UAW met with Painter and informed him that there was nothing further they would do with the grievance (Id.).

-2-

On October 19, 2004 this action was filed alleging the UAW breached their duty of fair representation by fraudulently concealing the "Bill House" agreement (doc. 1). Additionally, Painter alleges collusion between the UAW and GE to allow demotion of more senior union membership in accordance with a non-existent "Bill House" agreement (Id.).

**APPLICABLE LEGAL STANDARD**

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. Id. at 321; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). If the moving party meets this burden, then the non-moving party

-3-

"must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see <u>Guarino</u>, 980 F.2d at 405.

As the Supreme Court stated in <u>Celotex</u>, the non-moving party must "designate" specific facts showing there is a genuine issue for trial. <u>Celotex</u>, 477 U.S. at 324; <u>Guarino</u>, 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, "'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.'" <u>Guarino</u>, 980 F.2d at 405 (quoting <u>Inter-Royal Corp. v. Sponseller</u>, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. <u>McDonald v. Union Camp Corp.</u>, 898 F.2d 1155, 1162 (6th Cir. 1990). Furthermore, the fact that the non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. <u>Guarino</u>, 980 F.2d at 410; <u>Carver v. Bunch</u>, 946 F.2d 451, 454-55 (6th Cir. 1991).

-4-

**ANALYSIS**

Painter's claims are governed by Section 301 of the Labor Management Relations Act (LMRA). As such, they are subject to the six month statute of limitations as set forth in Section 10(b) of the National Labor Relations act, 29 U.S.C. § 160(b). See Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). The six month period begins to run when the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." Adkins v. Intn'l Union of Elec., Radio, and Machine Workers, 769 F.2d 330, 335 (6th Cir. 1985)(internal citations omitted). In cases involving Section 301 duty of fair representation claims, the statute of limitations begins to run when a union first takes the position that it will not pursue a particular remedy or take action on the members behalf. See McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232, 1236 (6th Cir. 1987).

The UAW submits that the statute of limitations in this case began to run, at the latest, in 1997 when Painter was informed that the union would take no further action on his grievance (doc. 14). The Court agrees. Union representatives told Painter during the 1997 meeting that his grievance would not be pursued (doc. 14). At that time, Painter's cause of action arose. Therefore, he was required to bring this action by August of 1997, within six months of the February 1997 meeting. Painter did not bring the action

within six months of discovering that the UAW was not pursuing his grievance.  Thus, his claim is time barred.

Painter contends that the statute of limitations began to run on April 23, 2004 (doc. 20).  At that time the UAW, in response to Painter's 2003 grievance, informed Painter that they would not take further action to obtain a copy of the "Bill House" agreement (Id.).  However, filing a second complaint in  2003, and receiving a response in 2004, did not revive the statute of limitations. The acts constituting the violation occurred, at the latest, in 1997 when the UAW refused to produce the "Bill House" agreement or pursue Painter's grievance (doc. 14).   The UAW's response to Painter's second claim, reiterating that they would not produce the "Bill House" agreement, did not give rise to a new statute of limitations.  The UAW had already stated in 1997 that they would not supply the agreement or pursue the claim (Id.).   Thus, the statute of limitations began in 1997 and subsequently ran prior to the filing of this suit.

Additionally, the UAW's failure to provide a copy of the "Bill House" agreement did not toll the statute of limitations. Painter claims the UAW fraudulently concealed the "Bill House" agreement (doc. 20).  Assuming the UAW concealed the agreement, Painter knew of the concealment in 1997 (doc. 14).  Furthermore, during the 1997 meeting, union representatives told Painter that seniority took precedence and that seniority was the basis for his

transfer (doc. 21).    Therefore, the six month statute of limitations began in 1997.

Additionally, the UAW did not breach its duty of fair representation.  A union breaches its duty of fair representation where its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.  <u>Vaca v. Sipes</u>, 386 U.S. 171, 190 (1967).  However, Painter does not allege arbitrary, discriminatory, or bad faith conduct by the UAW (doc. 14).  Rather, Painter merely disagrees with the UAW's interpretation of the contract and decision to transfer him (<u>Id</u>.).  This, without more, does not satisfy the standard set forth to establish breach of a duty of fair representation.

Since the claims are barred by the LMRA statute of limitation, or, alternatively, that the UAW did not breach its duty of fair representation, and there is no question of material fact, the Court GRANTS Defendant's Motion for Summary Judgment as to each of the Plaintiff's claims (doc. 14).  This matter is DISMISSED from the Court's docket.

SO ORDERED.


Dated: June 7, 2006          s/S. Arthur Spiegel

                             S. Arthur Spiegel
                             United States Senior District Judge


-7-